BANFIELD
*vs*
BRUTON.

---

COVENANT.

# Banfield *vs* Bruton.

ERROR TO THE MONTGOMERY CIRCUIT.

*Case 29.*

*Warranty. Covenants.*

*October 3.*
Case stated.

JUDGE BRECK delivered the opinion of the Court.

THIS was an action of covenant upon the following obligation:

"I have this day sold to T. Banfield my negro boy James, aged about twenty two years, which I warrant to be a slave for life, also sound and healthy, this 18th February, 1842.                    JAMES BRUTON."

The plaintiff assigned as a breach of this covenant, that the slave was not at the time of the sale about twenty two years of age, but much older, to-wit: of the age of about twenty six years. A demurrer to the declaration as to this assignment, was sustained, and whether cor-

rectly or not, is the first question presented for consideration.

The rule is well settled, that to constitute a warranty, it is not necessary that the word *warrant* should be used. Any words of an import equivalent to it, and showing an intention of the parties that there should be a warranty, are sufficient.

But from the phraseology of the obligation in this case, we can hardly infer that it was the intention of the parties that the warranty should extend to the age. The clause in that respect is rather descriptive of the slave, and at most can be regarded as a representation.

We are of opinion, therefore, the demurrer was properly sustained.

The motion for a new trial, we think, was also properly overruled.

Upon the ground that the verdict was against the weight of the evidence, this Court, as has been repeatedly decided, will not interpose, unless the preponderance against the finding is palpable and flagrant, and which we think is not the case here.

Nor are we of opinion that sufficient ground for a new trial was made out by the affidavits.

Wherefore, the judgment is affirmed.

*Peters and French* for plaintiff; *Apperson* for defendant.

To constitute a covenant of warranty, it is not necessary that the word *warrant* should be used; any word or words of equivalent import showing an intention to warrant, will be sufficient.

"I have this day sold to T. B. my negro boy J. aged about 22 years, which I warrant to be a slave for life," &c., is not a warranty as to the age of the boy J., but at most but a description or representation.

To authorize the Court to set aside a verdict and grant a new trial on the ground that the verdict is against the weight of the evidence, it should appear to be flagrantly so.